UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---------------------------------x
:
MICHAEL MANLEY,                  :    Civil Action 07-472
                                 :    No. 07-_____
        Petitioner,              :
                                 :
                                 :    CAPITAL HABEAS
        v.                       :
                                 :
CARL C. DANBERG, Commissioner,   :
Delaware Department of Correction; and :
THOMAS L. CARROLL, Warden,       :
Delaware Correctional Center at Smyrna, :
                                 :
        Respondents.             :
---------------------------------x

**PETITIONER'S MOTION FOR APPOINTMENT OF FEDERAL HABEAS
CORPUS COUNSEL PURSUANT TO 21 U.S.C. § 848(q) AND
MCFARLAND V. SCOTT, AND FOR AN ORDER PERMITTING
PETITIONER TO PROCEED IN FORMA PAUPERIS**

Petitioner Michael Manley is an indigent death-sentenced prisoner in the custody of the State of Delaware. He files this *Motion* seeking appointment of federal habeas corpus counsel pursuant to McFarland v. Scott, 512 U.S. 849 (1994) and 21 U.S.C. § 848(q)(4). He also seeks permission to proceed *in forma pauperis* in his to-be-filed habeas corpus proceedings.[1]

As described more fully below, Petitioner is indigent and unrepresented, and has not had federal review of his conviction and death sentence. Petitioner wishes to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of that conviction and sentence. Petitioner requests appointment of counsel. Although undersigned counsel are qualified

---

[1] A sworn affidavit demonstrating Petitioner's indigency is attached. In compliance with 10 Del. C. § 8804, Petitioner shall also file a certified summary of his inmate account.

1

and authorized to undertake such assignment, they are unable to do so as they have today requested appointment to Mr. Manley's co-defendant, David Stevenson. However, undersigned counsel have identified qualified and authorized counsel to assume Mr. Manley's representation. As explained below, counsel's colleagues from the Capital Habeas Corpus Unit of the Federal Public Defender in the Middle District of Pennsylvania are willing, ready and able to accept assignment to this case.

In support of his motion, Petitioner states the following.

**PROCEDURAL HISTORY**

1.  Petitioner Michael Manley and co-defendant David Stevenson were convicted of first-degree murder on November 13, 1996, and sentenced to death on January 10, 1997.

2.  Petitioner's conviction and sentence of death were affirmed by the Supreme Court of Delaware on April 14, 1998, and is reported at Manley v. State, 709 A.2d 643 (Del. 1998). On October 5, 1998, the United States Supreme Court denied Petitioner's Petition for Writ of Certiorari. See Manley v. Delaware, 525 U.S. 893 (1998)

3.  On January 25, 1999, Petitioner filed a Motion for Post-Conviction Relief in the Superior Court, pursuant to Criminal Rule 61. On April 27, 2000 the Superior Court denied this motion. State v. Manley, 2000 Del. Super. Lexis 118 (Del. Super. 2000).

4.  On appeal to the Supreme Court of Delaware, Petitioner's death sentence was vacated and a new penalty hearing was ordered. Manley v. State, 782 A.2d 249 (Del. 2001). Petitioner's remaining Rule 61 claims were also remanded to the Superior Court for "consideration by a new judge ab initio." Id.

5.  On September 7, 2001 Petitioner filed an Amended and Restated Motion for Post-Conviction Relief. On January 11, 2002, the court held an evidentiary hearing. After the briefing

on the issues raised in the Amended Rule 61 Motion was complete, but before any new penalty hearing was held, the United States Supreme Court decided Ring v. Arizona, 536 U.S. 584 (2002). Following the Ring decision, Petitioner filed a separate Motion to bar the court from holding the new penalty hearing that had been previously ordered. On October 2, 2003 the Superior Court issued its decision denying Petitioner's Amended Rule 61 Motion and Petitioner's Ring Motion. State v. Manley and Stevenson, (Del. Super. October 2, 2003) (Herlihy, J). On April 7, 2004, the Supreme Court of Delaware affirmed the decision of the Superior Court. Manley v. State, 846 A.2d 248 (Del. 2004).

6. On November 8, 2005, a second penalty hearing was held. On February 3, 2006, Petitioner and co-defendant Stevenson were again sentenced to death. On January 3, 2007, the Supreme Court of Delaware affirmed the sentence of death. Manley v. State, 918 A.2d 321(Del. 2007). Petitioner filed a timely Writ of Certiorari to the United States Supreme Court, which was denied on May 29, 2007. Manley v. Delaware, 127 S.Ct. 2885 (2007).

## PARTIES

7. Petitioner, Michael Manley, D.O.B. 7/9/74, is in the custody of the State of Delaware in the Delaware Correctional Center, under sentence of death.

8. Respondent Carl C. Danberg is Commissioner of Correction for the State of Delaware. He is Petitioner's ultimate custodian and is responsible by state law for carrying out Petitioner's execution.

9. Respondent Thomas Carroll is Warden of the Delaware Correctional Center. He is Petitioner's immediate custodian and would also be responsible for assisting in Petitioner's execution.

## ENTITLEMENT TO RELIEF

10. Petitioner is entitled to appointment of counsel and to permission to proceed *in forma pauperis*, as set forth below.

### A. Petitioner is Indigent

11. Petitioner is indigent and requires the appointment of capital habeas counsel.

12. Petitioner has been continuously incarcerated by the State of Delaware since his arrest in this case in 1995, and has been without gainful employment during that time. He has no other sources of income and has absolutely no assets. Petitioner was permitted to proceed *in forma pauperis* in all prior state court proceedings. Given Petitioner's continuing status as indigent, leave to proceed *in forma pauperis* is appropriate.

### B. Petitioner is Entitled to Appointment of Federal Habeas Corpus Counsel and Undersigned Counsel are Available for the Appointment.

13. Petitioner is indigent and wants to file a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. He has not previously filed a federal habeas corpus petition. He cannot do so without the appointment of qualified counsel to investigate, prepare, and present the claims that are available to him in federal habeas corpus. Indeed, he is entitled pursuant to such appointment under 21 U.S.C. § 848 (q)(4)(B), which states:

> In any post-conviction proceedings under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigate, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8) and (9).

14. This statute grants a qualified applicant – i.e., a first time, indigent, capital habeas corpus petitioner – "a mandatory right to qualified legal counsel." McFarland, 512 U.S. at 854; see

also *Guide to Judiciary Policies and Procedures*, Vol. VII, Ch. VI, § 6.01A.2 ("A financially eligible person seeking to vacate or set aside a death sentence in proceedings under 28 U.S.C. § 2254, is <u>entitled</u> to appointment of one or more qualified attorneys.") (emphasis in original). This right is triggered by the petitioner's motion requesting habeas counsel, which initiates his habeas corpus proceedings even before a substantive habeas petition is filed. <u>McFarland</u>, 512 U.S. at 856 ("We therefore conclude that a 'post conviction proceeding' within the meaning of § 848(q)(4)(B) is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his habeas corpus proceeding.").

15.  Petitioner is entitled to the appointment of habeas corpus counsel for these capital habeas corpus proceedings.

16.  Pursuant to authorization received from the Administrative Office of the United States Courts, the Federal Community Defender Office for the Eastern District of Pennsylvania ("Community Defender") has been asked to render assistance to capital defense counsel in Delaware federal habeas corpus proceedings. Undersigned counsel (Michael Wiseman) met with Chief Judge Sue L. Robinson of the United States District Court for the District of Delaware on March 13, 2006, along with Penny Marshall, Federal Public Defender for the District of Delaware, Joseph Miller, First Assistant Federal Defender for the Community Defender, Kevin O'Connell, Assistant State Public Defender, and the Honorable Jan R. Jurden, Judge of the Superior Court of Delaware. At that time, undersigned counsel advised this Court of the Administrative Office's request that the Community Defender lend such assistance to the Delaware Bar, and the Community Defender sought the approval of Chief Judge Robinson for this endeavor. Subsequently, the Community Defender was authorized to render such assistance.

17. Because undersigned counsel have today sought appointment to represent Petitioner's co-defendant, David Stevenson, the Capital Habeas Unit of the Federal Defender for the Eastern District of Pennsylvania cannot take this assignment. However, undersigned counsel have identified other qualified Federal Defender counsel who are qualified and willing to accept assignment to this case.[2] The Federal Public Defender for the Middle District of Pennsylvania (James Wade), has established a Capital Habeas Corpus Unit to represent eligible prisoners in capital habeas corpus proceedings. Mr. Wade has indicated that his Capital Habeas Unit is willing to assist the Court by assuming representation of Mr. Manley in these proceedings.

18. Mr. Wade's Unit receives a sustaining grant from the Administrative Office of the United States Court to provide such representation and accordingly his Unit will not seek either fees, costs, or expenses from the Court should they be appointed.

19. Undersigned counsel have communicated with counsel from Mr. Wade's Unit and have explained the posture of this matter, and the general needs of Mr. Manley for appointment of federal habeas counsel. They concur that this request is in Mr. Manley's interest, and they further concur with the remaining requests made herein.

20. Petitioner appreciates that he may still have available to him one further potential avenue of state court review. However, his right to appointment of federal habeas corpus counsel exists independently of this potential state remedy. Undersigned counsel will not know the proper forum for Petitioner's claims until they have completed a full review of the record, and have

---

[2] Undersigned counsels' recommendation is made pursuant to 18 U.S.C. § 3005 ("the court shall consider the recommendation of the Federal Public Defender" when making appointment of counsel in death penalty trials). While this statute does not directly apply to habeas cases, we believe it provides analogous authority under the circumstances presented herein.

conducted appropriate extra-record investigation. Petitioner seeks appointment of federal habeas counsel at this time.

21. Appointment of federal habeas corpus counsel in this posture is routinely granted in cases in which undersigned counsel have been involved in the three federal districts in Pennsylvania.[3] Such appointment is particularly important because federal habeas review is governed by a one year statute of limitations period (see 28 U.S.C. § 2244). It is therefore essential that federal habeas counsel begin to evaluate the entire case *as soon as possible* so that any federal habeas proceedings can be timely filed.

### C. Counsel Should Be Provided Adequate Time to Prepare a Petition And Request 120 Days To File Petitioner's First Counseled Habeas Petition.

22. Federal habeas corpus litigation is complex. See, e.g., 21 U.S.C. § 848(q)(4)(B)(7) (acknowledging "the unique and complex nature" of capital habeas litigation); McFarland v. Scott, 512 U.S. at 855 ("[T]his Court's death penalty jurisprudence unquestionably is difficult even for a trained lawyer to master," quoting Murray v. Giarratano, 492 U.S. 1, 14 (1989). In light of undersigned counsel's limited previous involvement in this matter and the voluminous record (including over 3000 pages of transcripts), counsel respectfully requests 120 days to research, draft

---

[3] Appointment orders have been granted by United States District Courts in each of the following cases where the prisoner sought appointment of federal habeas counsel immediately after conclusion of direct appeal but before commencement or completion of state post-conviction proceedings: Frey v. Beard, No 1:07-CV-00260 (M.D. Pa. May 4, 2007); Solano v. Beard, No. 2:07-CV-02703-LDD (E.D. Pa. July 9, 2007), Sepulveda v. Beard, No 3:06-CV-00731-TIV (M.D. Pa. April 7, 2006); Singley v. Beard, No. 4: CV-06-450 (M.D. Pa. March 3, 2006); Dowling v. Beard, No. 06-2085 (M.D. Pa. October 24, 2006); Williams (Connie) v. Beard, No. 2:06-CV-26 (W.D. Pa. January 31, 2006); Johnson (Raymond) v. Beard No. 05-1426 (E.D. Pa. March 29, 2005); Watkins v. Beard, No. 158 (W.D. Pa. February 28, 2005); Puksar v. Beard, No. 00-CV-6157 (E.D. Pa. December 16, 2000); Rios v. Beard, No. O7-2342 (E.D. Pa. June 14, 2007); Sneed v. Beard, 06-cv-5328 (E.D. Pa. Dec. 7, 2006).

and present Petitioner's federal habeas corpus petition. This request – which takes into account the rigorous demands of capital habeas corpus litigation – is reasonable.[4]

**D.    Stay of Execution.**

23.    McFarland also envisions that a prisoner in Petitioner's posture can receive a stay of execution pursuant to 28 U.S.C. §2251. Petitioner, however, does not seek such a stay at this time. There is currently no date set for Petitioner's execution. Moreover, executions in Delaware are currently subject to a preliminary injunction entered by Judge Robinson in Jackson v. Taylor, 06-cv-300 (Dist. Del.) (civil rights complaint challenging lethal injection procedures in Delaware, certified as a class action and therefore applicable to Petitioner). Should these circumstances change, and Petitioner's execution becomes imminent, Petitioner will seek a stay of execution, as McFarland permits.

---

[4] See Riley v. Taylor, 62 F.3d 86 (3d Cir. 1995) (holding that it was an abuse of discretion to decline to allow six additional months [180 days] in a capital case where the District Court had previously allowed time for the filing of the Petitioner's claims).

8

## REQUEST FOR RELIEF

**WHEREFORE** for all of the above reasons, Petitioner requests that he be afforded the following relief:

   A.   That undersigned counsel be appointed to purposes of federal habeas corpus proceedings;

   B.   That Petitioner be permitted to proceed *in forma pauperis*; and

   C.   That counsel be allotted 120 day in which to research, investigate and prepare a habeas corpus petition.

Respectfully submitted,

/s/ Michael Wiseman

Michael Wiseman, Esq.
Supervisory Assistant Federal Defender
Keisha Hudson, Esq.
Research & Writing Specialist
Capital Habeas Corpus Unit
Federal Community Defender Office
for the Eastern District of Pennsylvania
Curtis Center Building, 545 West
Philadelphia, PA 19106
215-928-0520

Dated: Philadelphia, PA.
    July 30, 2007

## CERTIFICATE OF SERVICE

I hereby affirm under penalty of perjury that on this 30th day of July 2007, I served the foregoing upon the following person by United States Mail, first class postage, prepaid, for delivery to counsel for the Respondent:

> Loren C. Meyers, Esquire
> Deputy Attorney General
> 820 North French Street, 7th Floor
> Wilmington, DE 19801
>
> James Wade, Esq.
> Federal Public Defender
> Middle District of Pennsylvania
> 100 Chestnut Street, Suite 306
> Harrisburg, PA 17101
>
> Anne Saunders, Esq.
> Assistant Federal Public Defender
> Middle District of Pennsylvania
> Capital Habeas Corpus Unit
> 100 Chestnut Street, Suite 306
> Harrisburg, PA 17101

Michael Wiseman

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---------------------------------------x
                                       :
MICHAEL MANLEY,                        :    Civil Action  0 7 - 4 7 2
                                       :    No. 07-_____
        Petitioner,                    :
                                       :
                                       :    CAPITAL HABEAS
        v.                             :
                                       :
CARL C. DANBERG, Commissioner,         :
Delaware Department of Correction; and :
THOMAS L. CARROLL, Warden,             :
Delaware Correctional Center at Smyrna,:
                                       :
        Respondents.                   :
---------------------------------------x

## ORDER

And Now, this ___ day of _____, 2007 upon consideration of Petitioner's *Motion for Appointment of Federal Habeas Corpus Counsel Pursuant to 21 U.S.C. § 848(q) and McFarland v. Scott, and for an Order Permitting Petitioner to Proceed In Forma Pauperis*, and the position of Respondents with respect to this *Motion*, it is hereby ORDERED:

1. Petitioner's Motion is granted.

2. The Capital Habeas Corpus Unit of the Federal Public Defender for the Middle District of Pennsylvania is assigned to represent Petitioner in these habeas corpus proceedings.

3. Petitioner is permitted to proceed *in forma pauperis*.

4. Counsel are ordered to file a petition for habeas corpus relief within 120 days of the date of this order.

_____
United States District Judge

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-472

*FILED 2007 JUL 30 PM 4:47 CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE*

## ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

### *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___3___ COPIES OF AO FORM 85.

JUL 3 0 2007

(Date forms issued)         (Signature of Party or their Representative)

Rebecca A. Blaskey, AFPD
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action