**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

_____

MICHAEL MANLEY,                    :        CIVIL ACTION
                                   :
            Petitioner,            :        No. 1:07-CV-00472
                                   :
        v.                         :        **THIS IS A CAPITAL CASE.**
CARL C. DANBERG, Commissioner,     :
Delaware Department of Correction; and   :   CHIEF JUDGE GREGORY M. SLEET
THOMAS L. CARROLL, Warden,         :
Delaware Correctional Center at Smyrna,  :
            Respondents            :
                                   :
                                   :
_____    :


**PETITIONER'S MOTION TO STAY THE FEDERAL PROCEEDINGS TO PERMIT
PETITIONER TO EXHAUST CLAIMS IN STATE COURT**

Petitioner, Michael Manley, through undersigned counsel, hereby moves to hold these federal proceedings in abeyance. The *Consolidated Petition for Writ of Habeas Corpus by a Prisoner in State Custody and Memorandum of Law* contains claims that have not been exhausted in state court. As exhaustion is not futile, Petitioner requests that this Court issue an order staying the federal proceedings so that Petitioner can exhaust state remedies. In support of this motion, Petitioner states the following.

1.      This is a capital habeas corpus proceeding brought by a Delaware state prisoner.

2.      Following his conviction for first-degree murder and related counts, Petitioner was sentenced to death on January 10, 1997, in the Superior Court for New Castle County, Delaware (No. IN95111232R3). Petitioner's convictions and sentence of death were affirmed by the Delaware Supreme Court on April 14, 1998. Manley v. State, 709 A.2d 643 (Del. 1998), cert. denied, Manley v. Delaware, 525 U.S. 893 (1998).

3.      On January 25, 1999 Petitioner filed a Motion pursuant to Superior Court Criminal Rule 61, for Post-Conviction Relief.  On appeal from the denial of relief, the Delaware Supreme Court found the circumstances of the trial judge's request for assignment to Petitioner's case – after having presided over the suppression hearing in co-defendant Stevenson's criminal proceedings involving theft-related offenses in which the decedent testified – created an unacceptable risk of bias and required a new penalty hearing before a different judge.  Manley v. State, 782 A.2d 249, 258-59 (Del. 2001).

4.      On October 2, 2003, the Superior Court denied Petitioner's guilt-phase Rule 61 claims and his Motion to Preclude a New Sentencing Hearing.  That decision was affirmed by the Delaware Supreme Court on April 7, 2004.  Manley v. State, 846 A.2d 238 (Del. 2004).

5.      Following the second penalty hearing, Petitioner was sentenced to death.  State v. Manley, Criminal Action Numbers IN95111323R3; IN95111324R3; IN95111325R3; IN95120684R3; IN95120685R3; IN95120686R3 (Del. Super. 2/3/06) (Sentencing Decision, Herlihy, J).  The Delaware Supreme Court affirmed Petitioner's sentences on January 3, 2007.  Manley v. State, 918 A.2d 321 (Del. 2007).  The United States Supreme Court denied Petitioner's petition for a writ of certiorari on May 29, 2007.  Manley v. Delaware, __ U.S. __, 127 S. Ct. 2885 (5/29/07).

6.      On July 30, 2007, Petitioner filed a Motion for Appointment of Federal Habeas Corpus Counsel under 21 U.S.C. § 848(q)(4), and Leave to Proceed *In Forma Pauperis*.

7.      On August 14, 2007, the Court entered an Order:  granting Petitioner's request to proceed *in forma pauperis*, appointing undersigned counsel to represent Petitioner, and granting Petitioner 120 days to file his Petition for Writ of Habeas Corpus, or, on December 12, 2007.

8.    On November 30, 2007, Petitioner requested an extension of time in which to file his Petition for Writ of Habeas Corpus, which this Court granted. On January 22, 2008, Petitioner requested and was granted a second extension, until February 22, 2008, to file his habeas.

9.    During the course of investigating, researching, and drafting the *Consolidated Petition and Memorandum*, it has become apparent to counsel that there are a number of compelling claims for relief that have not been exhausted in the state courts.  State remedies are available for the unexhausted claims under Delaware Superior Court Criminal Rule 61.  Most of these claims have been raised in Petitioner's *Motion for Postconviction Relief Pursuant to Superior Court Criminal Rule 61, and Consolidated Memorandum of Law* which was filed in the Delaware Superior Court on January 25, 2008 (copy attached as an Appendix to the Habeas Petition), and counsel has advised Petitioner to seek to amend that Petition with the additional claims in the next thirty (30) days.  See DE R SUPER CT RCRP Rule 61(b)(6).

10.    Since state remedies are available, Petitioner must return to state court in order to exhaust, unless Respondents waive the exhaustion requirement.  See 28 U.S.C. § 2254(b)(1))A), (b)(3).  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998) (federal courts should not "discourage petitioners from exhausting all their claims in state court").  Accord Lambert v. Blackwell, 134 F.3d 506, 517-19 (3d Cir. 1998); Doctor v. Walters, 96 F.3d 675, 681, 683 (3d Cir. 1996); Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993).

11.    Assuming that Respondents do not wish to waive their exhaustion defense, this Court should stay these proceedings pending exhaustion.  This is the course of action approved by the

Third Circuit in <u>Crews v. Horn</u>, 360 F.3d 146 (3d Cir. 2004).[1]   In light of the unique procedural

posture of this case ( i.e., trial, conviction, sentencing, appeal, resentencing), as well as the likelihood

that any state court proceedings will continue well beyond the statute of limitations deadline of May

29, 2008, a stay of the proceedings is the appropriate action.  <u>See</u> <u>Crews v. Horn</u>, 360 F.3d 146, 149-

51 (3d Cir. 2004) (where outright dismissal "could jeopardize the timeliness of a collateral attack,"

is abuse of discretion not to offer opportunity to stay, rather than dismiss the petition).

12.    Pursuant to D. Del. LR 7.1.1, Petitioner's counsel have contacted counsel for

Respondents, Deputy Attorney General Loren Myers, and left a message seeking agreement in this

*Motion.*  As of the time of filing, counsel has not yet heard back from Respondents on this request.

Pursuant to D.Del. LR 16.4(b), counsel hereby certifies that a copy of this *Motion* has been sent to

Petitioner.

---

[1] <u>See also</u>, (attached as Exhibit A)  <u>Cox v. Beard</u>, 2:05-cv-00427 (E.D.Pa.)(Judge Diamond) (Order 07/06/06) (Order staying proceedings to permit the petitioner to exhaust claims in state court PCRA proceedings); <u>Chmiel v. Beard</u>, 1:06-cv-02098) (M.D. Pa.) (Chief Judge Kane) (Order 07/16/07) (same); <u>Taylor v. Beard</u>, 2:06-cv-00028 (W.D. Pa.) (Chief Judge Ambrose) (Order 8/24/06) (same); <u>Reid v. Beard</u>, 3-CV-04-0258 (M.D. Pa.) (Judge Caputo) (Order 10/8/04) (same); <u>Judge v. Beard</u>, 2:02-cv-06798 (E.D. Pa.) (Judge Joyner) (Order 05/2004) (same); <u>Johnson v. Beard</u>, 2:03-cv-2156 (Judge Robreno) (Order 03/15/04) (same); <u>Fears v. Beard</u>, 2:05-cv-01421(Order 5/09/06) (same); <u>Singley v. Beard</u>, 4:06-cv- 00450 (M.D. Pa.) (Judge Jones) (Order 10/31/06) (same); <u>Sepulveda v. Beard</u>, 3:06-cv-00731 (M.D. Pa.) (Judge Vanaskie) (Order 12/6/06) (same); <u>Randolph v. Beard</u>, 1:06-cv-00901 (M.D.Pa.) (Judge Connor) (Order 2/8/07) (same); <u>Dowling v. Beard</u>, 3:06-cv-02085 (M.D. Pa.)(Judge Caputo) (Order 9/11/07) (same).

WHEREFORE, Petitioner respectfully requests that this Court grant Petitioner's *Motion to Stay These Federal Proceedings so that Petitioner's Counsel can Forthwith Exhaust Claims in State Court*. A proposed order is attached.


Respectfully submitted,


Date:   February 5, 2008                    s/ Anne L. Saunders

ANNE L. SAUNDERS, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 48458
BETH ANN MUHLHAUSER, ESQUIRE,
Asst. Federal Public Defender
Attorney ID #PA 74181
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-3843
Fax No. (717) 782-3966
(Anne_Saunders@fd.org)
(Beth_Muhlhauser@fd.org)

Attorneys for Michael Manley

## CERTIFICATE OF SERVICE

I, Beth A. Muhlhauser, of the Federal Public Defender's Office do hereby certify that on this date I served a copy of the foregoing by placing a copy in the United States mail, first class, in Harrisburg, Pennsylvania, addressed to the following:

Loren C. Meyers, Esquire
Deputy Attorney General
820 North French Street,
7th Floor
Wilmington, DE 19801

Date: February 5, 2008                    Respectfully submitted,


Beth Ann Muhlhauser_____
BETH ANN MUHLHAUSER, ESQUIRE
Asst. Federal Public Defender
Attorney ID #PA 74181
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-3843
Fax. No. (717) 782-3966
Email: Beth_Muhlhauser@fd.org
Attorney for Michael Manley

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL COX, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
|   v. | : | |
| | : | NO. 05-CV-427 |
| JEFFREY BEARD, Commissioner, | : | |
| Pennsylvania Department of | : | THIS IS A CAPITAL CASE |
| Corrections, et al, | : | |
|     Respondents. | : | |

---------------------------------------------------------------------------------------------------------------------

**O R D E R**

On October 19, 2005, Russell Cox Petitioned for a Writ of Habeas Corpus, seeking relief

from a death sentence imposed in state court on May 22, 1987. As amended on December 6,

2005, the Petition includes twenty-five claims for relief. The Commonwealth responded to the

Petition on May 19, 2006 and Petitioner filed a Reply on June 21, 2006. In his Petition and

Reply, Petitioner asks that I stay these proceedings pending final state court adjudication of his

unexhausted claims.

It is apparent from the parties' submissions that Petitioner has presented a

"mixed"petition for habeas corpus relief: "a single petition containing some claims that have

been exhausted in the state courts and some that have not." Rhines v. Weber, 544 U.S. 269, 271

(2005). For instance, Petitioner and Respondents agree that Claim I (Petitioner's Atkins claim) is

unexhausted. See, e.g., *Response Br.* at 31; *Reply Br.* at 9. Likewise, Petitioner and the

Commonwealth agree that Claims IX (Petitioner's challenge to the jury instruction on vicarious

liability) is exhausted. See *Response Br.* at 82; *Reply Br.* at 48.

I "may not adjudicate mixed petitions for habeas corpus," because "the interests of comity

and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." Rhines, 544 U.S. at 273 (citing Rose v. Lundy, 455 U.S. 509 (1982)). The interplay between this "total exhaustion" requirement and the 1-year statute of limitations for a habeas petition imposed by the Antiterrorism and Effective Death Penalty Act of 1996 places Petitioner at "risk of forever losing the[] opportunity for any federal review of [his] unexhausted claims." Rhines, 544 U.S. at 275.

In such circumstances, the Third Circuit has authorized "[s]taying a habeas petition pending exhaustion of state remedies [as] a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004). Subsequently, the Rhines Court set forth the "limited circumstances" in which such a stay is permissible: where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278.

Here, Respondents concede that "Petitioner could not have brought [Claim I] in the state postconviction proceedings earlier," as the Supreme Court did not authorize this claim until its decision in Atkins v. Virginia on June 20, 2002 – "two days after" the denial of Petitioner's first application for postconviction relief. See 536 U.S. 304, Resp. Br. at 10, 32. In addition, Petitioner provides significant evidence in support of the merits of his Atkins claim, including the results of IQ tests, psychological evaluations, and school records. In these circumstances, Petitioner's Atkins claim is "potentially meritorious," and he has good cause for his failure to exhaust.

Accordingly, it is **HEREBY ORDERED** that:

1) This action is **STAYED** pending exhaustion of Petitioner's state court remedies;

2) This Stay is explicitly conditioned on Petitioner's prompt return to federal court after

exhaustion is completed. Petitioner **MUST NOTIFY** the Court within thirty days of the

exhaustion of his <u>Atkins</u> claim in state court. Failure to comply with this condition may result in

the stay being "vacated nunc pro tunc as of the date the stay was entered." <u>See</u> <u>Rhines</u>, 544 U.S.

at 281 (commending the procedure specified in <u>Zarvela v. Artuz</u>, 254 F.3d 374, 381 (2d Cir.

2001)).


                                                   **AND IT IS SO ORDERED**.


<u>/d July 6, 2006</u>                                             <u>/s Paul S. Diamond, J.</u>
**Date**                                                      **Paul S. Diamond, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID CHMIEL,      :
            :
   Petitioner,    :    No. 1:06-CV-02098
            :
   v.        :    (Chief Judge Kane)
            :
JEFFREY BEARD, Commissioner, :
Pennsylvania Department of  :
Corrections; LOUIS S. FOLINO, :
Superintendent of the State   :
Correctional Institution at Greene; :   THIS IS A CAPITAL CASE
and FRANKLIN J. TENNIS,  :
Superintendent of the State   :
Correctional Institution at   :
Rockview,       :
            :
   Respondents.

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

   Petitioner, David Chmiel, a state prisoner sentenced to death following his convictions for first-degree murder and related charges, filed a motion for leave to proceed in forma pauperis and for appointment of federal habeas corpus counsel on October 25, 2006. (Doc. 1.) The Court granted the motion on November 1, 2006, and Petitioner was directed to file a petition for writ of habeas corpus on or before April 30, 2007. (Doc. 3.) Before his habeas petition was due to be filed, Petitioner requested an extension of time in which to file the petition (Doc. 17), which the Court granted on March 30, 2007. (Doc. 18.) Consequently, the habeas petition was required to be filed with the Court on June 15, 2007. Presently pending before the Court, however, is Petitioner's motion for abeyance of the federal proceedings. (Doc. 20.) In his motion, Petitioner contends that he has not exhausted state remedies for some of the claims raised in the habeas petition before the Court.

   The Third Circuit Court of Appeals has held that "district courts have the discretion to stay mixed habeas corpus petitions but that . . . when an outright dismissal could jeopardize the

timeliness of a collateral attack, a stay is the only appropriate course of action." <u>Crews v. Horn</u>, 360 F.3d 146, 154 (3d Cir. 2004). The Court added that in such cases, "all of the petitioner's claims should be stayed, and any claims that remain unexhausted after the petitioner returns to federal court should be dismissed at that juncture." <u>Id.</u> at 154 n.5. When a petition for writ of habeas corpus is stayed, the court must give a petitioner a reasonable interval, usually thirty (30) days, to file his application for state post-conviction relief and another reasonable interval after the denial of that relief to return to federal court. <u>Id.</u> at 154. The Third Circuit's direction that a stay be entered to avoid statute of limitations issues will be followed here.

AND NOW, this 16th day of July, 2007, it is hereby **ORDERED** that:

1.    Petitioner's motion for abeyance of the federal proceedings (Doc. 20) is **GRANTED**. Litigation in this habeas corpus proceeding is **STAYED** pending exhaustion of state court remedies of any unexhausted claims.

2.    The stay of execution issued by the court in the order of January 11, 2007 (Doc. 12), shall **REMAIN IN EFFECT**.

3.    Petitioner shall have thirty (30) days to file his application for state post-conviction relief, if he has not already done so.

4.    If petitioner is denied state post-conviction relief, either party shall notify the court within thirty (30) days from the time of final denial and request that the stay of litigation be vacated.

s/ Yvette Kane
YVETTE KANE, Chief Judge
United States District Court
Middle District of Pennsylvania

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD TAYLOR,
     Petitioner, | 

     v. | CIVIL ACTION NO. 06-28
JEFFREY BEARD, Commissioner,
Pennsylvania Department of Corrections;
DAVID DIGUGLIELMO,
Superintendent of the State Correctional
Institution at Graterford; and
JOSEPH P. MAZURKIEWICZ,
Superintendent of the State
Correctional Institution at Rockview,
          Respondents. | Chief Judge Donetta W. Ambrose

## O R D E R

AND NOW, this 23 hd day of August, 2006, and upon consideration of Petitioner's

*Motion for Stay and Abeyance of Federal Proceedings* (Doc. No. 15) and Respondents' *Response*

thereto (Doc. No. 16), it is hereby ORDERED that Petitioner's *Motion* is GRANTED and that all

proceedings in this case are STAYED pending the exhaustion of Petitioner's remedies in state

court. It is further ORDERED that within thirty days of the completion of the state court

proceedings, the parties shall file a joint motion with this court requesting that the stay in this

case be lifted.


BY THE COURT:

*Donetta W. Ambrose*
Donetta W. Ambrose
Chief United States District Court Judge
Western District of Pennsylvania


cc:    All counsel of record

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALBERT EZRON REID, : | |
| : | |
| Petitioner, : | |
| : | NO: 3:CV-04-0258 |
| v. : | |
| : | (Judge Caputo) |
| JEFFREY BEARD, Commissioner, : | |
| Pennsylvania Department of : | |
| Corrections; LOUIS S. FOLINO, : | |
| Superintendent of the State : | |
| Correctional Institution at Greene; and : | |
| FRANK TENNIS, Superintendent : | |
| of the State Correctional Institution : | |
| at Rockview, : | |
| : | |
| Respondents. : | |

## MEMORANDUM ORDER

Petitioner Albert Reid filed a stay of execution with the Court on February 4, 2004. (Doc. 1.) The Court issued a stay of execution on February 6, 2004, (Doc. 2), and Petitioner was given until September 3, 2004, to file a petition for writ of habeas corpus. (*See* Doc. 8.) The stay was extended until completion of the proceedings in an Order dated May 21, 2004. (Doc. 6.) Petitioner timely filed a petition for writ of habeas corpus (Doc. 9), and the Court issued an Order to Show Cause. (Doc. 12.) Petitioner then filed the present Motion to Stay and Abey His Habeas Petition So Petitioner's Counsel Can Forthwith Exhaust Claims in State Court. (Doc. 14.1.) In his motion, Petitioner argues that he has not exhausted state remedies for some of the claims raised in the habeas petition before the Court. Respondents did not file a brief in opposition to the motion.

The Court of Appeals for the Third Circuit held in *Crews v. Horn* "that district courts have the discretion to stay mixed habeas corpus petitions but that, as in this case,

when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." 360 F.3d 146, 154 (3d Cir. 2004). The court added that in such cases, "all of the petitioner's claims should be stayed, and any claims that remain unexhausted after the petitioner returns to federal court should be dismissed at that juncture." *Id.* When a petition for writ of habeas corpus is stayed, the Court must give a petitioner a reasonable interval, normally thirty days, to file his application for state post-conviction relief and another reasonable interval after the denial of that relief to return to federal court. *Id.*

Accordingly, this __8th__ day of October, 2004, **IT IS HEREBY ORDERED THAT**:

(1)    Petitioner Albert E. Reid's Petition for Writ of Habeas Corpus by a Prisoner in State Custody (Doc. 9) is **STAYED** pending exhaustion of state remedies of his unexhausted claims.

(2)    The stay of execution issued by the Court in the Order of May 21, 2004, (Doc. 6) shall **REMAIN IN EFFECT.**

(3)    Petitioner will have thirty (30) days to file his application for state post-conviction relief, if he has not already done so.

(4)    If Petitioner is denied state post-conviction relief, he will have thirty (30) days from the time of denial to resume his habeas corpus proceeding.

A. Richard Caputo
United States District Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGER JUDGE, | : | CIVIL ACTION |
| | : | |
| Petitioner | : | 02-6798 |
| | : | |
| v. | : | |
| | : | |
| JEFFREY BEARD, ET AL., | : | |
| | : | |
| Respondents. | : | |

### ORDER

AND NOW, this         day of May, 2004, upon consideration
of the Petitioner's uncontested Motion to Maintain Federal
Proceedings in Suspense Pending Exhaustion of State Remedies
(Document No. 31), it is hereby ORDERED that the Motion is
GRANTED.[1]

It is further ORDERED that these federal *habeas corpus*

---

[1] AEDPA's one year statute of limitations is tolled for the "time during
which a properly filed application for State post-conviction or other
collateral review with respect to the pertinent judgment or claim is pending."
28 U.S.C. § 2244(d)(2). This Circuit has held that an untimely application
for state post-conviction relief by a petitioner, who sought but was denied
application of a statutory exception to the PCRA's time bar, is not "properly
filed" under AEDPA. Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).
Petitioner's direct appeal was concluded in 1992 and, therefore, his
pending PCRA petitions are timely filed only if he meets one of the statutory
exceptions to the PCRA limitations. Thus, in light of the Third Circuit's
decision in Merritt, if the state court decides Petitioner does not meet one
of the statutory exceptions, Petitioner's habeas petition will be deemed not
"properly filed" and AEDPA's one-year limitation will not be tolled. In order
to prevent this procedural pitfall, Petitioner seeks to amend his habeas
petition now to include an unexhausted claim and asks this Court to maintain
these federal habeas proceedings in suspense pending exhaustion of this and
another unexhausted claim in state court. We have granted Petitioner's motion
to amend (see this Court's Order dated May 20, 2004), and we believe that
suspense of these federal habeas proceedings is appropriate here, where
dismissal, even without prejudice, "could jeopardize the timeliness of a
collateral attack." Crews v. Horn, 2004 WL 395949*8 (3d Cir. 2004)(quoting
Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001))(internal quotations
omitted); see also Merritt, 326 F.3d at 170 n.10. Petitioner's Motion to
Maintain Federal Proceedings in Suspense is therefore GRANTED.

proceedings are STAYED until the expiration of thirty (30) days after completion of exhaustion of claims now pending in the Philadelphia County Court of Common Pleas.


                                    BY THE COURT:


                                    _____
                                    J. CURTIS JOYNER, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RODERICK JOHNSON,                    :    CIVIL ACTION
                                     :
                                     :
                                     :
                                     :
JEFFREY BEARD, et al.,               :    NO.  03-2156

### ORDER

**AND NOW**, this **15th** day of **March, 2004**, it is hereby

**ORDERED** as follows:

    1.  Petitioner's motion to hold federal proceedings in
abeyance pending completion of state court
proceedings (doc. no. 10) is **GRANTED**;[1]

---

[1] Petitioner Roderick Johnson filed a petition for writ of
habeas corpus in federal court on October 23, 2003.  Prior to
filing his federal habeas petition, Johnson filed a second
petition for post-conviction relief in state court on the basis
of newly discovered evidence.  Petitioner has motioned for this
court to hold the federal proceedings in abeyance pending
completion of the state court proceedings.

Respondent opposes petitioner's motion, contending that
because petitioner's habeas petition is mixed (i.e., it contains
both exhausted and unexhausted claims), the district court should
dismiss the petition without prejudice under the Supreme Court
precedent Rose v. Lundy, 455 U.S. 509 (1982).  Petitioner argues,
however, that dismissal of his petition without prejudice would
create an "unfair trap" for him.  If the statute of limitations
for filing a habeas petition under the Antiterrorism and
Effective Death Penalty Act of 1996 ("AEDPA") is not tolled while
he attempts to exhaust his state remedies (i.e., because the
state court finds that his second petition for post-conviction
relief was untimely), then petitioner may be time-barred under
AEDPA from returning to federal court to pursue his federal
habeas petition, even though his initial petition was timely.

In light of the Third Circuit's recent decision in Crews v.
Horn, No. 99-9008 (3d Cir. filed March 4, 2004), holding that, in

2.    The above-captioned case shall be put in **SUSPENSE**
pending exhaustion of state remedies.


**IT IS FURTHER ORDERED** that petitioner's counsel shall
notify the court within thirty (30) days after the state court
proceedings have concluded that the case is ready to proceed.


**AND IT IS SO ORDERED.**


_____

**EDUARDO C. ROBRENO,    J.**

cases in which "outright dismissal [of a habeas petition] could
jeopardize the timeliness of a collateral attack, a stay [of the
federal court proceedings] is the only appropriate course of
action," this court shall grant the petitioner's motion and place
the case in suspense.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEROY FEARS,
      Petitioner,

    v.

JEFFREY BEARD, Commissioner,
Pennsylvania Department of Corrections;
LOUIS S. FOLINO,
Superintendent of the State Correctional
Institution at Greene; and
JOSEPH P. MAZURKIEWICZ,
Superintendent of the State
Correctional Institution at Rockview,
            Respondents.

CIVIL ACTION NO. 05-1421

Judge Arthur J. Schwab

## O R D E R

AND NOW, this 9th day of May, 2006, it is hereby ORDERED that all proceedings in

this case are STAYED pending the exhaustion of Petitioner's remedies in state court, and

administratively closed.  It is further ORDERED that within twenty days of the completion of the

state court proceedings, the parties shall file a joint motion with this court requesting that the stay

be lifted and the case be re-opened.  The court will then issue a revised scheduling order.

The status conference scheduled for May 12, 2006, at 8:00 a.m. is canceled.


IT IS SO ORDERED.


s/Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge
Western District of Pennsylvania

-1-

cc:    James Anderson
Federal Public Defender's Office
Capital Habeas Corpus Unit
1001 Liberty Avenue
1450 Liberty Center
Pittsburgh, PA 15222-3714

Rebecca D. Spangler
Office of the District Attorney
Post Conviction/Habeas Corpus
401 Allegheny County Courthouse
Pittsburgh, PA 15219

Ronald M. Wabby, Jr.
Office of the District Attorney
Appeals/Post Conviction
401 Allegheny County Courthouse
Pittsburgh, PA 15219

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MICHAEL B. SINGLEY,

    Petitioner

  v.

JEFFREY BEARD, Commissioner,
Pennsylvania Department of Corrections;
LOUIS S. FOLINO, Superintendent of the
State Correctional Institution at Greene; and
FRANKLIN J. TENNIS, Superintendent of the
State Correctional Institution at Rockview,

    Respondents.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 4:CV-06-450

(Judge Jones)

**THIS IS A CAPITAL CASE**

## MEMORANDUM AND ORDER

  Petitioner Michael B. Singley filed a stay of execution with the Court on March 2, 2006. (Rec. Doc. 1.) The Court issued the stay of execution on March 3, 2006, and Petitioner was directed to file a petition for writ of habeas corpus within 180 days of the date of the Order. (Rec. Doc. 3.) On July 18, 2006, the Court set forth a schedule for the remainder of the proceedings, and directed Petitioner to file his habeas petition on or before August 30, 2006. (Rec. Doc. 6.) Before his habeas petition was due to the Court, Petitioner requested a sixty (60) day extension of time in which to file the petition, (Rec. Doc. 7), which the Court granted on August 21, 2006. (Rec. Doc. 9.) Thereafter, on October 30, 2006, Petitioner timely filed his habeas petition. (Rec. Doc. 11.) Pending before the Court is Petitioner's motion to stay the federal proceedings or, in the alternative, dismiss the petition without prejudice to permit Petitioner to exhaust claims in state court. (Rec. Doc. 12.) In his motion, Petitioner argues that he has not exhausted state remedies for some of the claims raised in the habeas petition before the Court.

  The Third Circuit Court of Appeals has held that "district courts have the discretion to stay mixed habeas corpus petitions but that, as in this case, when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004). The Court added that in such cases, "all of the petitioner's claims should be stayed, and any

claims that remain unexhausted after the petitioner returns to federal court should be dismissed at that juncture." *Id.* at 154 n.5. When a petition for writ of habeas corpus is stayed, the Court must give a petitioner a reasonable interval, usually thirty (30) days, to file his application for state post-conviction relief and another reasonable interval after the denial of that relief to return to federal court. *Id.* at 154.

Accordingly, this 31st day of October, 2006, it is hereby **ORDERED** that:

1. Petitioner's motion to stay the federal proceedings (Rec. Doc. 12) is **GRANTED**. Petitioner's Petition for a Writ of Habeas Corpus (Rec. Doc. 11) is **STAYED** pending exhaustion of state remedies of his unexhausted claims.

2. The stay of execution issued by the Court in the Order of March 3, 2006 (Rec. Doc. 3) shall **REMAIN IN EFFECT**.

3. Petitioner shall have thirty (30) days to file his application for state post-conviction relief, if he has not already done so.

4. If Petitioner is denied state post-conviction relief, he will have thirty (30) days from the time of denial to resume his habeas corpus proceeding in federal court.

JOHN E. JONES III
United States District Judge

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANUEL SEPULVEDA, | : | No. 3:CV-06-731 |
| | : | |
| **Petitioner** | : | (Judge Vanaskie) |
| | : | |
| v. | : | |
| | : | |
| JEFFREY BEARD, Commissioner, | : | THIS IS A CAPITAL CASE |
| Pennsylvania Department of Corrections; | : | |
| LOUIS S. FOLINO, Superintendent of the | : | |
| State Correctional Institution at Greene; and | : | |
| FRANKLIN J. TENNIS, Superintendent of the | : | |
| State Correctional Institution at Rockview, | : | |
| | : | |
| **Respondents.** | : | |

### ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner Manuel Sepulveda, a state prisoner sentenced to death following his

conviction for first-degree murder and related charges, filed a motion for leave to proceed in

forma pauperis and for appointment of federal habeas corpus counsel on April 7, 2006.

(Dkt. Entry 1.) The Court granted the motion on April 7, 2006, and Petitioner was directed

to file a petition for writ of habeas corpus within 180 days of the date of the Order. (Dkt.

Entry 2.) On May 30, 2006, the Governor of Pennsylvania signed a warrant scheduling

Petitioner's execution for July 27, 2006. As a result, on June 7, 2006, Petitioner filed with

the Court a motion for a stay of execution for the duration of the federal habeas

proceedings. (Dkt. Entry 3.) The Court issued the stay of execution on June 14, 2006.

(Dkt. Entry 4.) Before his habeas petition was due to the Court, Petitioner requested a sixty

(60) day extension of time in which to file the petition, (Dkt. Entry 5), which the Court

granted on September 18, 2006. (Dkt. Entry 6.) Thereafter, on December 4, 2006,

Petitioner timely filed his habeas petition. (Dkt. Entry 7.) Pending before the Court is

Petitioner's motion to stay the federal proceedings or, in the alternative, dismiss the petition

without prejudice to permit Petitioner to exhaust claims in state court. (Dkt. Entry 8.) In his

motion, Petitioner argues that he has not exhausted state remedies for some of the claims

raised in the habeas petition before the Court.

     Our Court of Appeals has held that "district courts have the discretion to stay mixed

habeas corpus petitions but that . . . when an outright dismissal could jeopardize the

timeliness of a collateral attack, a stay is the only appropriate course of action." Crews v.

Horn, 360 F.3d 146, 154 (3d Cir. 2004). The Court added that in such cases, "all of the

petitioner's claims should be stayed, and any claims that remain unexhausted after the

petitioner returns to federal court should be dismissed at that juncture." Id. at 154 n.5.

When a petition for writ of habeas corpus is stayed, the Court must give a petitioner a

reasonable interval, usually thirty (30) days, to file his application for state post-conviction

relief and another reasonable interval after the denial of that relief to return to federal court.

Id. at 154. Our Court of Appeals' direction that a stay be entered to avoid statute of

2

limitations issues will be followed here

**ACCORDINGLY, THIS 6TH DAY OF DECEMBER, 2006, IT IS HEREBY**

**ORDERED THAT**:

1.  Petitioner's motion to stay the federal proceedings (Dkt. Entry 8) is **GRANTED**. Litigation in this habeas corpus proceeding is **STAYED** pending exhaustion of state court remedies of any unexhausted claims.

2.  The stay of execution issued by the Court in the Order of June 14, 2006 (Dkt. Entry 4) shall **REMAIN IN EFFECT**.

3.  Petitioner shall have thirty (30) days to file his application for state post-conviction relief, if he has not already done so.

4.  If Petitioner is denied state post-conviction relief, either party shall notify the Court withing thirty (30) days from the time of final denial and request that the stay of litigation be vacated.

s/ Thomas I. Vanaskie_____
THOMAS I. VANASKIE
United States District Judge

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL RANDOLPH,** | : | |
| | : | |
| **Petitioner,** | : | **No. 1:06-CV-0901** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **JEFFREY BEARD, Commissioner,** | : | |
| **Pennsylvania Department of** | : | |
| **Corrections; LOUIS B. FOLINO,** | : | |
| **Superintendent of the State** | : | |
| **Correctional Institution at Greene;** | : | **THIS IS A CAPITAL CASE** |
| **and FRANKLIN J. TENNIS,** | : | |
| **Superintendent of the State** | : | |
| **Correctional Institution at** | : | |
| **Rockview,** | : | |
| | : | |
| **Respondents.** | | |

### MEMORANDUM

Petitioner, Samuel Randolph, a state prisoner sentenced to death following his convictions for first-degree murder and related charges, filed a motion for leave to proceed in forma pauperis and for appointment of federal habeas corpus counsel on April 28, 2006. (Doc. 1.) The court granted the motion on May 4, 2006, and petitioner was directed to file a petition for writ of habeas corpus on or before December 1, 2006. (Doc. 2.) In that order, the court also stayed any state proceedings for the execution of petitioner pending disposition of the anticipated habeas petition. (Id.) However, on June 28, 2006, the Governor of Pennsylvania signed a warrant scheduling petitioner's execution for August 17, 2006. (See Doc. 3.) As a result, the court issued an order reaffirming the stay of execution on June 29, 2006. (Doc. 4.) Before his habeas petition was due to the court, petitioner requested two extensions of time in which to file the petition, (Docs. 5 & 7), which the court granted on November 28, 2006, and January 8, 2007, respectively. (Docs. 6 & 8.) Thereafter, on February 5, 2007, petitioner timely filed his habeas petition.

(Doc. 10.) Pending before the court is petitioner's motion to stay the federal proceedings or, in the alternative, dismiss the petition without prejudice to permit petitioner to exhaust claims in state court. (Doc. 11.) In his motion, petitioner contends that he has not exhausted state remedies for some of the claims raised in the habeas petition before the court.

The Third Circuit Court of Appeals has held that "district courts have the discretion to stay mixed habeas corpus petitions but that . . . when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004). The Court added that in such cases, "all of the petitioner's claims should be stayed, and any claims that remain unexhausted after the petitioner returns to federal court should be dismissed at that juncture." Id. at 154 n.5. When a petition for writ of habeas corpus is stayed, the court must give a petitioner a reasonable interval, usually thirty (30) days, to file his application for state post-conviction relief and another reasonable interval after the denial of that relief to return to federal court. Id. at 154. The Third Circuit's direction that a stay be entered to avoid statute of limitations issues will be followed here.

An appropriate order follows.


S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        February 8, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SAMUEL RANDOLPH, | : | |
| Petitioner, | : | No. 1:06-CV-0901 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| JEFFREY BEARD, Commissioner, | : | |
| Pennsylvania Department of | : | |
| Corrections; LOUIS B. FOLINO, | : | |
| Superintendent of the State | : | |
| Correctional Institution at Greene; | : | THIS IS A CAPITAL CASE |
| and FRANKLIN J. TENNIS, | : | |
| Superintendent of the State | : | |
| Correctional Institution at | : | |
| Rockview, | : | |
| Respondents. | : | |

## ORDER

AND NOW, this 8th day of February, 2007, it is hereby ORDERED that:

1.  Petitioner's motion to stay the federal proceedings (Doc. 11) is GRANTED.  Litigation in this habeas corpus proceeding is STAYED pending exhaustion of state court remedies of any unexhausted claims.

2.  The stay of execution issued by the court in the order of May 4, 2006 (Doc. 2), and reaffirmed by order dated June 29, 2006 (Doc. 4), shall REMAIN IN EFFECT.

3.  Petitioner shall have thirty (30) days to file his application for state post-conviction relief, if he has not already done so.

4.  If petitioner is denied state post-conviction relief, either party shall notify the court within thirty (30) days from the time of final denial and request that the stay of litigation be vacated.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KEVIN BRIAN DOWLING,                    :
                                        :
      Petitioner,                      :        NO: 3:CV-06-02085
                                        :
    v.                                  :        (Judge Caputo)
                                        :
JEFFREY BEARD, Commissioner,            :
Pennsylvania Department of              :
Corrections; LOUIS S. FOLINO,           :        THIS IS A CAPITAL CASE
Superintendent of the State             :
Correctional Institution at Greene; and :
FRANKLIN TENNIS, Superintendent of      :
the State Correctional Institution      :
at Rockview,                            :
                                        :
      Respondents.                     :

## MEMORANDUM

Petitioner, Kevin Brian Dowling, a state prisoner sentenced to death following his conviction for first-degree murder and related charges, filed a motion for leave to proceed *in forma pauperis* and for appointment of federal habeas corpus counsel on October 23, 2006. (Doc. 1.) The Court granted the motion on October 24, 2006, and Petitioner was directed to file a petition for writ of habeas corpus on or before April 23, 2007. (Doc. 2.) On January 5, 2007, the Governor of Pennsylvania signed a warrant scheduling Petitioner's execution for February 27, 2007. (*See* Doc. 4.) Consequently, Petitioner filed a motion for a stay of execution (Doc. 5), which the Court granted by Order dated January 12, 2007. (Doc. 6.) Before his habeas petition was due to the Court, Petitioner requested three extensions of time in which to file the petition (Docs. 9, 12 & 14), which the Court granted on April 16, June 12, and July 23, 2007, respectively. (Docs. 11, 13 & 16.) Thereafter, on July 24, 2007, Petitioner timely filed

his habeas petition. (Doc. 18.) Pending before the Court are Petitioner's motions to stay the federal proceedings to permit Petitioner's counsel to forthwith exhaust his claims in state court. (Docs. 19 & 23.) In his motions, Petitioner contends that he has not exhausted state remedies for some of the claims raised in the habeas petition before the Court. In order to properly exhaust those remedies, Petitioner informs the Court that on July 31, 2007, he filed an amended petition for writ of habeas corpus and for collateral relief from criminal conviction pursuant to the PCRA in the Court of Common Pleas of York County. (Doc. 23 at 3-4.) Proceedings in that court remain pending.

The United States Court of Appeals for the Third Circuit has held that "district courts have the discretion to stay mixed habeas corpus petitions but that . . . when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004). The Court added that in such cases, "all of the petitioner's claims should be stayed, and any claims that remain unexhausted after the petitioner returns to federal court should be dismissed at that juncture." *Id.* at 154 n.5. When a petition for writ of habeas corpus is stayed, the court must give a petitioner a reasonable interval, usually thirty (30) days, to file his application for state post-conviction relief and another reasonable interval after the denial of that relief to return to federal court. *Id.* at 154. The Third Circuit's discretion that a stay be entered to avoid statute of limitations issues will be followed here.

An appropriate order follows.

Date: September 11, 2007                              s/ A. Richard Caputo
                                                     United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEVIN BRIAN DOWLING, | : | |
| | : | |
| Petitioner, | : | NO: 3:CV-06-02085 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| JEFFREY BEARD, Commissioner, | : | |
| Pennsylvania Department of | : | |
| Corrections; LOUIS S. FOLINO, | : | THIS IS A CAPITAL CASE |
| Superintendent of the State | : | |
| Correctional Institution at Greene; and | : | |
| FRANKLIN TENNIS, Superintendent of | : | |
| the State Correctional Institution | : | |
| at Rockview, | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 11th day of September, 2007, it is hereby **ORDERED** that:

1.    Petitioner's motion to stay the federal proceedings (Doc. 19) is **GRANTED**. Litigation in this habeas corpus proceeding is **STAYED** pending exhaustion of state court remedies of any unexhausted claims.

2.    The stay of execution issued by the Court in the Order dated January 12, 2007 (Doc. 6) shall **REMAIN IN EFFECT**.

3.    Petitioner shall have thirty (30) days to file his application for state post-conviction relief, if he has not already done so.

4.    If Petitioner is denied state post-conviction relief, either party shall notify the Court within thirty (30) days from the time of final denial and request that the stay of litigation be vacated.

s/ A. Richard Caputo
United States District Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

_____
:
MICHAEL MANLEY,                          :            CIVIL DOCKET: 1:07-CV-00472
                                         :
                Petitioner,              :
                                         :            CAPITAL HABEAS
                                         :
        v.                               :            CHIEF JUDGE GREGORY M. SLEET
                                         :
CARL C. DANBERG, Commissioner,           :
Delaware Department of Correction; and   :
THOMAS L. CARROLL, Warden,               :            **Electronically Filed**
Delaware Correctional Center at Smyrna,  :
                                         :
                Respondents.             :
_____:

## ORDER

And Now, this ___ day of February, 2008 upon consideration of Petitioner's *Motion to Stay the Federal Proceedings to Permit Petitioner's Counsel to Forthwith Exhaust Claims in State Court*, it is hereby ORDERED:

1.   Petitioner's Motion is GRANTED.

2.   Petitioner, Michael Manley's Consolidated Petition for Writ of Habeas Corpus by a Prisoner in State Custody and Memorandum of Law is STAYED pending exhaustion of state remedies of his unexhausted claims.

3.   Counsel are ordered to forthwith exhaust all claims in the state courts and notify the Court within thirty days of the final disposition of the state court litigation.


                                    _____
                                    Gregory Sleet, USDJ